IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ZIV KRUGER, | § | |
| Plaintiff, | § § § | |
| v. | § § | NO. 3:17-CV-01220-G-BH |
| LINDY HARTSFIELD, et al., | § § § | |
| Defendants. | § | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
AND ORDER DENYING NON-DISPOSITIVE MOTIONS**

By *Special Order No. 3-251*, this *pro se* case was automatically referred for full case management, including the determination of non-dispositive motions and the issuance of findings, conclusions, and recommendations on dispositive motions. Before the Court are the *Motion of Mike Hartsfield to Dismiss Transfer Venue Alternatively, Motion to Transfer Venue Pursuant to 28 U.S.C. § 1406(a); or in the Alternative to Transfer to Said District for the Convenience of Parties and Witnesses Under 28 U.S.C. § 1404(a),* filed May 26, 2017 (doc. 12), and the *Joinder of Blood & Thunder Sports, Inc. to Motion of Mike Hartsfield to Dismiss Transfer Venue Alternatively, Motion to Transfer Venue Pursuant to 28 U.S.C. § 1406(a); or in the Alternative to Transfer to Said District for the Convenience of Parties and Witnesses Under 28 U.S.C. § 1404(a),* filed June 7, 2017 (doc. 16). Based on the relevant filings and applicable law, the motion to dismiss for lack of personal jurisdiction should be **GRANTED**, the motion to dismiss for improper venue should be **DENIED as MOOT**, and the alternative motions to transfer are **DENIED as moot**.

**I. BACKGROUND**

On November 14, 2016, Ziv Kruger (Plaintiff) filed this *pro se* action for breach of contract against Blood & Thunder Sports, Inc. (BTS), and its owners, Lindy Hartsfield (Lindy), and Mike

Hartsfield (Mike) (collectively Defendants), in state court. (doc. 6 at 2, 6, 65.)[1]

Plaintiff alleges that in 2013, he submitted a proposal to BTS to host the 2014 Blood and Thunder Derby World Cup (Event) to be held in Dallas, Texas, on December 4-7, 2014. (*Id.* at 65, 68-69.) It selected him as the official host, and he and BTS entered into a contract for him to be the official host. (*Id.* at 68.) BTS agreed to compensate Plaintiff with a monthly stipend of $1,075, all approved expenses, and 50% of all income streams he created on behalf of BTS, excluding general ticket sales. (*Id.* at 65, 69.) BTS also agreed to facilitate and promote any marketing, press, and broadcast plans he developed for the Event. (*Id*. at 69.) Plaintiff claims that beginning in May 2013, he substantially performed under the terms of the agreement, including creating and setting up the Event, arranging sponsorships and hotel accommodations, and creating additional opportunities for BTS. (*Id*. at 69-70.) BTS allegedly breached the contract by purporting to terminate the agreement on March 4, 2014, and by failing to pay him nine monthly stipends from March to December 2014, totaling $9,675.00, as well as the 50% income. (*Id*. at 69-71.) Plaintiff also claims that the "premature termination" of the contract has damaged his reputation and cost him opportunities associated with similar events in the derby community. (*Id.* at 70.) He seeks actual damages, pre- and post-judgment interest, court costs, and attorney's fees. (*Id.* at 71-72.)

Plaintiff alleges that he is a resident of Dallas, Texas. (doc. 6 at 65.) BTS is a California corporation, and its agent for service of process is Lindy. (*Id.* at 66; doc. 12 at 16.) It does not maintain a regular place of business in Texas or a registered agent for service with respect to causes of action based on actions in Texas. (doc. 6 at 66, 67.) Plaintiff claims that it has "engaged in business in the State of Texas and in Dallas County, out of which business the claims asserted [in

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

his live complaint] arose in whole or in part." (*Id.* at 66.) The Hartsfields are residents of Orange, California. (*Id*. at 66-67.) Plaintiff alleges "on information and belief [that] Mike is an owner and principle of [BTS]" and does not maintain a regular place of business in Texas or a registered agent for service with respect to causes of action based on actions in Texas. (*Id.* at 67.)

Mike's declaration states that he had no involvement in the making or performance of the agreement with Plaintiff. (doc. 12 at 17.) Both he and Lindy declare that BTS was not incorporated until November 2014, and he includes BTS' articles of incorporation bearing a file stamp for the Secretary of State for the State of California dated November 14, 2014. (doc. 12 at 11, 16, 17; doc. 12-1 at 4.) Mike concedes that he assisted Lindy, his wife, with some aspects of the Event, but did not personally have any contract with Plaintiff or deal with him in any manner. (*Id.* at 17.) He admits that he is a shareholder in BTS. (*Id.*) Lindy's declaration states that only she, d/b/a Roller Derby World Cup, negotiated and communicated with Plaintiff, and that she made payments to him per their agreement from her business account in California, as shown by her bank records. (doc. 12 at 11-12, 14.)

On May 8, 2017, Mike removed the case to federal district court on the basis of diversity jurisdiction. (*See* docs. 3, 6, 9.) On May 26, 2017, he moved to dismiss the action against him for lack of personal jurisdiction or improper venue, and in the alternative, to transfer it to the Central District of California, Santa Ana Division. (doc. 12 at 4-8.) BTS has joined the motion to dismiss for lack of personal jurisdiction, and the alternative motions to transfer the case. (doc. 16 at 1-2.) Plaintiff did not file a response, and the motions are ripe for consideration.

## II. RULE 12(b)(2)

Mike and BTS move to dismiss this action against them under Rule 12(b)(2) for lack of personal jurisdiction. (*see* docs. 12 at 2, 16 at 1-2.)

The exercise of personal jurisdiction over a non-resident defendant is proper when: (1) the non-resident is subject to jurisdiction under the laws of the state in which the court sits; and (2) the exercise of jurisdiction over the defendant comports with the due process requirements of the United States Constitution. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472-74 (1985); *Panda Brandywine Corp. v. Potomac Electric Power Co.*, 253 F.3d 865, 867 (5th Cir. 2001) (per curiam). A defendant is amenable to the personal jurisdiction of a federal court sitting in diversity to the same extent as a state court in the same forum. *Pedelahore v. Astropark, Inc.,* 745 F.2d 346, 347 (5th Cir. 1984); *see also* Fed. R. Civ. P. 4(e)(1), 4(h)(1). Because the Texas long-arm statute authorizes the exercise of personal jurisdiction to the extent allowed by the due process clause of the Fourteenth Amendment, only the federal due process inquiry need be addressed. *Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999); Tex. Civ. Prac. & Rem. Code Ann. § 17.041 et seq. (West 2012). "Exercising personal jurisdiction over a nonresident defendant is compatible with due process when (1) that defendant has purposefully availed [itself] of the benefits and protections of the forum state by establishing minimum contacts with the forum state, and (2) the exercise of jurisdiction over that defendant does not offend traditional notions of fair play and substantial justice." *Panda Brandywine Corp.*, 253 F.3d at 867.

The "minimum contacts" prong of the analysis is satisfied when a defendant "purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Hanson v. Denckla,* 357 U.S. 235, 253 (1958). The nonresident defendant's availment must be such that the defendant "should reasonably anticipate being haled into court" in the forum state. *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297 (1980). There are two types of minimum contacts: those giving rise to general jurisdiction and those giving rise to specific jurisdiction. *Clemens v. McNamee*, 615 F.3d 374, 378 (5th Cir. 2010), cert. denied

(2011). General jurisdiction exists where the nonresident's contacts with the forum state are unrelated to the cause of action but are "continuous and systematic." *Helicopteros Nacionales de Colombia, S. A. v. Hall,* 466 U.S. 408, 414 (1984); *Alpine View Co. v. Atlas Copco AB,* 205 F.3d 208, 215 (5th Cir. 2000). Specific jurisdiction is appropriate where the nonresident has purposefully directed its activities at the forum state and the "litigation results from alleged injuries that arise out of or relate to those activities." *Alpine View Co. Ltd.,* 205 F.3d at 215 (quoting *Burger King Corp.,* 471 U.S. at 472) (internal quotation marks omitted). It is a claim-specific inquiry and requires less pervasive contacts with the forum state than general jurisdiction. *McFadin v. Gerber,* 587 F.3d 753, 759 (5th Cir. 2009). The plaintiff has the burden of establishing minimum contacts. *WNS, Inc. v. Farrow,* 884 F.2d 200, 203 (5th Cir. 1989).

Where, as here, no evidentiary hearing is conducted, the plaintiff need only make a prima facie showing in support of jurisdiction. *Central Freight Lines Inc. v. APA Transport Corp.,* 322 F.3d 376, 381 (5th Cir. 2003). The plaintiff's uncontroverted factual allegations in the complaint must be accepted as true, and all factual disputes contained in the parties' affidavits must be resolved in its favor. *Alpine View Co., Ltd.,* 205 F.3d at 215*; Bullion v. Gillespie,* 895 F.2d 213, 217 (5th Cir. 1990). Courts are not required "to credit conclusory allegations, even if uncontroverted," however. *Panda Brandywine Corp.,* 253 F.3d at 869. Only Plaintiff's uncontroverted, nonconclusory allegations in his complaint and any evidence provided to counter Mike's evidence will be considered.

### A.    Specific Jurisdiction

Mike argues that he and BTS do not have sufficient minimum contacts with the State of Texas to support the exercise of personal jurisdiction over them because they have not purposefully availed themselves of the privilege of conducting activities within Texas. (docs. 12 at 6, 16.)

As discussed, specific jurisdiction over a non-resident defendant exists when a plaintiff's claims against the defendant arise out of or relate to activities that the defendant purposefully directed at the forum state. *Burger King Corp.,* 471 U.S. at 472. Specific jurisdiction is a claim-specific inquiry and requires less pervasive contacts with the forum state than general jurisdiction. *McFadin*, 587 F.3d at 759 (5th Cir. 2009).

Plaintiff's allegations against BTS arise out of an alleged contract, which he has not provided. (doc. 6 at 69-70.) He claims that BTS "knowingly and intentionally breached its *agreement*," not a contract, by unilaterally terminating his position as host and failing to pay his remaining stipends and his percentage of the Event's income. (*Id.*(*emphasis added*).) He has not alleged any other facts to show that BTS purposefully directed any activities at Texas related to this action or otherwise. Mike has submitted evidence showing that BTS was not incorporated until 2014. (doc. 12 at 11, 16, 17; doc. 12-1 at 4.) He has also submitted bank records showing that all payments to Plaintiff were made by Lindy from her separate business account. (doc. 12 at 14, 16.) In response, Plaintiff presented no evidence controverting Mike's evidence or creating a factual dispute regarding BTS's involvement in the contract that must be resolved in Plaintiff's favor.

As for Mike, Plaintiff's sole allegation relating to his activities in the forum state is based upon "information and belief" that Mike is an owner and principal of BTS. (doc. 6 at 67.) As noted, Mike has shown that BTS was not incorporated at the time of the alleged contract. (doc. 12 at 16.) Additionally, he declared that he did not personally reach out to, work with, or contract with Plaintiff in preparation for the Event. (*Id.* at 17.) His exclusive involvement with the Event was helping his wife. (*Id.* at 17.) Plaintiff alleged no facts showing that Mike purposefully directed any activities at Texas related to the action or otherwise, and he has not provided any evidence disputing Mike's evidence.

Plaintiff has not made a prima facie showing of specific jurisdiction as to Mike and BTS.[2]

**B.     General Jurisdiction**

Mike also argues that Plaintiff failed to allege that he and BTS did anything in Texas, including the sort of contacts necessary to confer general jurisdiction. (docs. 12 at 6, 16.)

A court may assert general jurisdiction over a nonresident defendant when its contacts are substantial, continuous, and systematic. *Central Freight Lines Inc.*, 322 F.3d at 381 (citing *Helicopteros Nacionales de Colombia, S.A.*, 466 U.S. at 414). As reaffirmed by the Supreme Court, these contacts must be "so "continuous and systematic' as to render [the defendant] essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 918 (2011). The Fifth Circuit has "consistently imposed the high standard set by the Supreme Court when ruling on general jurisdiction issues." *Johnston v. Multidata Systems Int'l. Corp.,* 523 F.3d 602, 610-11 (5th Cir. 2008). In determining whether general jurisdiction exists, courts do not examine each of a non-resident's contacts with the forum state in isolation from one another, but examine them "in toto to determine whether they constitute the kind of continuous and systematic contacts required to satisfy due process." *Holt Oil & Gas Corp. v. Harvey*, 801 F.2d 773, 779 (5th Cir. 1986).

As noted, BTS is incorporated in California, and its mailing address and registered agent are located in California. (doc. 12 at 6.) Plaintiff has admitted that neither BTS nor Mike, a California resident, maintains a regular place of business or registered agent in Texas. (doc. 6 at 66.) Although Plaintiff has alleged that BTS entered into a contract with him to host the Event in Dallas, Texas,

---

[2] Since Mike and BTS do not have the requisite minimum contacts with Texas, it is unnecessary to consider whether exercising jurisdiction would comport with traditional notions of fair play and substantial justice. *See Southern Copper, Inc. v. Specialloy, Inc.*, No. 00-50408, 2000 WL 1910176, at *4 (5th Cir. Dec. 22, 2000) (per curiam); *Felch v. Transportes Lar-Mex SA DE CV*, 92 F.3d 320, 329 n. 20 (5th Cir. 1996).

(doc. 6 at 68-69), he did not dispute Mike's evidence that BTS was not in existence at the time of the alleged contract. He makes no allegations that BTS has any contacts with Texas or is "at home" in Texas. Plaintiff's sole allegation against Mike is his "information and belief" that Mike is an owner and principal of BTS. (*Id.* at 67.) He may not rely on "information and belief" to satisfy his burden, however. *WNS, Inc.*, 884 F.2d at 203. He alleged no facts show that Mike made any contacts with Texas - substantial, continuous, systematic, or otherwise.

Plaintiff has not made a prima facie showing of general jurisdiction as to Mike and BTS. *Goodyear Dunlop Tires Operations, S.A.*, 131 S. Ct. at 2852. Because he has failed to meet his burden, the motion to dismiss for lack of personal jurisdiction should be granted as to both defendants.[3]

### III. CONCLUSION

The motion to dismiss for lack of personal jurisdiction should be **GRANTED**, and all claims against defendants Mike Hartsfield and BTS should be **DISMISSED** for lack of personal jurisdiction. The motion to dismiss for improper venue should be **DENIED as MOOT**, and the alternative motions to transfer are **DENIED as moot.**

**SO RECOMMENDED AND ORDERED** on this 27th day of November, 2017.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[3] Since the motion to dismiss for lack of personal jurisdiction should be granted, it is unnecessary to reach Mike's Rule 12(b)(3) motion to dismiss for improper venue, and it should be denied as moot.

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE