IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ZIV KRUGER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | NO. 3:17-CV-01220-G-BH |
| | § | |
| LINDY HARTSFIELD, et al., | § | |
| | § | |
| Defendants. | § | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

By *Special Order No. 3-251*, this *pro se* case was automatically referred for full case management, including the determination of non-dispositive motions and the issuance of findings, conclusions, and recommendations on dispositive motions. Before the Court is *Motion of Lindy Hartsfield to Dimsiss* [sic] *Under 12(b) or, Alternatively, Motion to Transfer Venue Pursuant to 28 U.S.C. § 1406(a); or in the Alternative to Transfer to Said District for the Convenience of Parties and Witnesses Under 28 U.S.C. § 1404(a),* filed November 27, 2017 (doc. 32). Based on the relevant filings and applicable law, the motion to dismiss should be **GRANTED**, and the alternative motion to dismiss or transfer for improper venue should be **DENIED as moot**.

**I. BACKGROUND**

On November 14, 2016, Ziv Kruger (Plaintiff) filed this *pro se* action for breach of contract against Blood & Thunder Sports, Inc. (BTS), and its owners, Lindy Hartsfield (Lindy), and Mike Hartsfield (Mike) (collectively Defendants), in state court. (doc. 6 at 2, 6, 65.)[1]

Plaintiff alleges that in 2013, he submitted a proposal to BTS to host the 2014 Blood and Thunder Derby World Cup (Event) to be held in Dallas, Texas, on December 4-7, 2014. (*Id.* at 65,

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

68-69.) After they selected him to be the official host, he and Defendants entered into a contract. (*Id.* at 68.) Defendants agreed to compensate Plaintiff with a monthly stipend of $1,075, all approved expenses, and 50% of all income streams he created on behalf of BTS, excluding general ticket sales. (*Id.* at 65, 69.) Defendants also agreed to facilitate and promote any marketing, press, and broadcast plans he developed for the Event. (*Id.* at 69.) Plaintiff claims that beginning in May 2013, he substantially performed under the terms of the agreement, including creating and setting up the Event, arranging sponsorships and hotel accommodations, and creating additional opportunities for BTS. (*Id.* at 69-70.) Defendants allegedly breached the contract by purporting to terminate the agreement on March 4, 2014, and by failing to pay him nine monthly stipends from March to December 2014, totaling $9,675.00, as well as the 50% income. (*Id.* at 69-71.) Plaintiff also claims that the "premature termination" of the contract has damaged his reputation and cost him opportunities associated with similar events in the derby community. (*Id.* at 70.) He seeks actual damages, pre- and post-judgment interest, court costs, and attorney's fees. (*Id.* at 71-72.)

On May 8, 2017, Mike removed the case to federal district court on the basis of diversity jurisdiction.[2] (*See* docs. 3, 6, 9.) Shortly after removal, Plaintiff was notified that if Lindy and BTS were not "properly served within 90 days after the filing of the notice of removal, this action may be dismissed as to those two defendants." (doc. 14.) On June 13, 2017, Plaintiff filed separate certificates of service from the Texas Secretary of State for BTS and Lindy. (docs. 22, 23.) The certificate of service for Lindy explains that a copy of the citation and complaint had been "forwarded on March 23, 2017, by certified mail, return receipt requested to: Lindy Hartsfield 400 South Flower Street, Unit 112 Orange, CA 92868," but "no response has been received in this

---

[2] Mike was the only defendant to be properly served prior to removal. (*See* doc. 6 at 122.)

2

office."[3] (doc. 23 at 1-2.) On December 18, 2017, both Mike and BTS were dismissed from this suit for lack of personal jurisdiction. (docs. 31, 34, 35.)

On November 27, 2017, Lindy moved to dismiss the action against her under Rule 12(b) for improper service, and in the alternative, to dismiss for improper venue or transfer this suit to the Central District of California. (doc. 32 at 4-9.) Plaintiff did not file a response, and the motion is ripe for consideration.

## II. MOTION TO DISMISS

Lindy moves to dismiss this action against her "pursuant to Rule 12(b) of the Federal Rules of Civil Procedure because it lacks personal jurisdiction over [her] for lack of service of the summons and complaint." (doc. 32 at 4-5.)

Rule 12(b)(5) authorizes the dismissal of an action for insufficient service of process. *See* Fed. R. Civ. P. 12(b)(5); *Coleman v. Bank of New York Mellon,* 969 F. Supp. 2d 736, 745 (N.D. Tex. 2013). A federal court is without personal jurisdiction over a defendant unless that defendant has been served with process in accordance with Rule 4 of the Federal Rules of Civil Procedure. *See Coleman,* 969 F. Supp. 2d at 745 (citing *Omni Capital Intern., Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987)). "Once the validity of service has been contested, the plaintiff bears the burden of establishing its validity." *Raburn v. Dae Woo, Inc.*, No. 3:09-CV-1172-G, 2010 WL 743933, at *1 (N.D. Tex. Mar. 3, 2010) (quoting *In re Katrina Canal Breaches Litigation*, 309 F. App'x 833, 835 (5th Cir.)).

Rule 4(c) requires that the plaintiff ensure that defendants are properly served with summons and a copy of the complaint. Fed. R. Civ. P. 4(c)(1). An individual within a judicial district of the

---

[3] The certificate of service on BTS stated that the "process was returned to this office [of the Texas Secretary of State] on April 17, 2017, bearing the notation, return to sender, no such number, unable to forward." (doc. 22 at 1.)

United States, may be served by: "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made;" delivering a copy of the summons and of the complaint to the individual personally; leaving a copy of each at the individual's dwelling with someone of suitable age and discretion who resides there; or delivering a copy of each to an agent authorized by appointment or by law to receive service of process. Fed. R. Civ. P. 4(e). Because service on Lindy was effected under Rule 4(e)(1), which permits service by "following state law in courts of general jurisdiction in the state where the district court is located or service is made," Texas law determines whether service of process on her was proper. *See Harper Macleod Solicitors v. Keaty & Keaty*, 260 F.3d 389, 398 (5th Cir. 2001). "[U]nder Texas law, [the plaintiff] must prove that [the defendant:] (1) was amenable to service and (2) was served in a manner in keeping with Texas's service rules." *BHTT Entm't, Inc. v. Brickhouse Cafe & Lounge, L.L.C.*, 858 F.3d 310, 315 (5th Cir. 2017).

Service of process may be effected under Texas law by the Texas long-arm statute, which in pertinent part provides that the "Secretary of State is an agent for service of process on a nonresident who engages in business in this state, but does not maintain a regular place of business in this state or a designated agent for service of process, in any proceeding that arises out of the business done in this state and to which the nonresident is a party."[4] *See* Tex. Civ. Prac. & Rem. Code. § 17.044(b); *see Leedo Cabinetry v. James Sales & Distrib., Inc.*, 157 F.3d 410, 413 (5th Cir. 1998) (explaining that the "objective of the Texas Long Arm Statute is to provide reasonable notice of the suit and an opportunity to be heard"). The service requirement is satisfied when a certificate of service from the Secretary of State is filed with the court, but "[a]t a minimum the certificate of

---

[4] A nonresident can conduct business in Texas if she "contracts by mail or otherwise with a Texas resident and either party is to perform the contract in whole or in part in this state." Tex. Civ. Prac. & Rem. Code. § 17.044.

service must affirmatively show notice was given." *Barnes v. Frost Nat'l Bank*, 840 S.W.2d 747, 750 (Tex. App.–San Antonio 1992, no writ). Even when a defendant "may have had actual notice of service," it is "of no consequence since the Texas Supreme Court has expressly rejected an actual notice exception to strict compliance with the terms of the long arm statute." *Harper Macleod Solicitors*, 260 F.3d at 398-99 (citing *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990)).

Here, Plaintiff's second amended petition alleges that Lindy is a California resident residing at 400 South Flower Street, Unit 112 Orange, CA 92868, and because she "has not designated any agent upon which service of process may be made with respect to causes of action arising out of business that [she] has done in Texas," Lindy has "made the equivalent of an appointment of the Secretary of State as an agent upon which service of summons and process may be made for the instant action." (doc. 6 at 66-67.) After being notified by this Court that his claims against Lindy may be dismissed if he failed to file a valid return of service, Plaintiff filed a certificate of service from the Texas Secretary of State that explained how a copy of the citation and petition in this case had been "forwarded on March 23, 2017, by certified mail, return receipt requested" to Lindy, but that "no response has been received in this office." (doc. 23 at 2.)

Lindy contends that service was insufficient on her, and she provides an affidavit stating that she never received the citation and that the "proof of service filed by Plaintiff shows that mailing was not received by [her]." (doc. 32 at 10-11.) In analogous cases on certificates of service from the Secretary of State, Texas courts and federal courts applying Texas law have distinguished citation returns that were "refused" versus those that are never returned or returned as "forwarding order expired" or "unknown address." *Compare Leedo Cabinetry*, 157 F.3d at 414 (holding that service was insufficient under Texas law when "the return receipt had the notation 'Forwarding Order Expired,' and [the defendant] provided an affidavit attesting that he never personally received

service"), *with Dole v. LSREF2 APEX 2, LLC*, 425 S.W.3d 617, 624 (Tex. App.–Dallas 2014, no pet.) (holding that "return of the citations [from the Secretary of State] marked "unclaimed" does not render the service fatally defective and did "not deprive the court of jurisdiction obtained under the long arm statute"). Where the certificate of service simply states that the citation was "refused," service still "can be in accordance with the Texas long-arm statute" if the plaintiff shows that defendant is evading service or there is evidence that it had been sent to the correct address. *See DSF Lux Int'l, S.a.r.l. v. Specialized Fin. Partners, L.L.C.*, No. A-07-CA-742-LY, 2009 WL 10670341, at *2 (W.D. Tex. Sept. 18, 2009) (citing *BLS Limousine Service v. Buslease*, 680 S.W.2d 543, 546 (Tex. App.–Dallas 1984, writ ref'd n.r.e.). When the certificate shows that the citation was returned because the "forwarding order expired" or an "unknown address," service has been found to be insufficient such that the court lacks personal jurisdiction over the defendant. *See Starbucks Corp. v. Smith*, No. 05-06-01500-CV, 2007 WL 3317523, at *2 (Tex. App.–Dallas Nov. 9, 2007, no pet.) (finding that there was "no affirmative showing" that the defendant was served with process where the "only proof of service in the record [was] the secretary of state's return bearing the notation 'Forwarding Order Expired'"); *see GMR Gymnastics Sales, Inc. v. Walz*, 117 S.W.3d 57, 59 (Tex. App.–Fort Worth 2003, pet. denied) (return from the Secretary of State bearing notation "not deliverable as addressed, unable to forward" was "prima facie evidence" that the address provided was incorrect and defendant was not served).

The certificate of service in this suit states that "no response has been received in this office" of the Secretary of State and provides no information as to whether the delivery was even attempted. *See Barnes*, 840 S.W.2d at 750 (holding that service was insufficient when the certificate of service made "no reference to whether the Secretary of State office had received the return receipt . . . [or] whether the plaintiff gave the Secretary of State the correct address"). Plaintiff, moreover, has failed

6

to respond to Lindy's motion or affidavit that she never received the citation, and has failed to show that it was properly sent to the correct address. He has accordingly failed to meet his burden to ensure that Defendant was properly served with summons and a copy of the complaint. *See Naranjo v. Universal Sur. of Am.*, 679 F. Supp. 2d 787, 796 (S.D. Tex. 2010) (finding that "without proof that service was made in strict compliance with the Texas long-arm statute, the Court cannot exercise personal jurisdiction over [the defendants]"). Lindy's motion to dismiss for improper service should be **GRANTED**.

### III. ADDITIONAL OPPORTUNITY TO SERVE

The trial court "enjoys a broad discretion in determining whether to dismiss an action for ineffective service of process." *Moody Nat. Bank, N.A. v. Bywater Marine, L.L.C.*, 544 F. App'x 384, 386 (5th Cir. 2013) (citing *George v. U.S. Dep't of Labor*, 788 F.2d 1115, 1116 (5th Cir. 1986)). As an alternative to dismissal without prejudice, it is within the court's discretion to quash the plaintiff's first attempt at service and provide additional time for proper service. *See Grant-Brooks v. Nationscredit Home Equity Servs. Corp.*, No. 3:01-CV-2327, 2002 WL 424566, at *5 (N.D. Tex. Mar. 15, 2002); *see Shabazz v. Serv. Emps. Int's Union*, No. 3:04-CV-229-M, 2004 WL 1585808, at *2 (N.D. Tex. July 13, 2004) (citing *Cross v. City of Grand Prairie*, No. 3:96-CV-0446-P, 1998 WL 133143, at *7 (N.D. Tex. Mar. 17, 1998)). Relevant factors for a court to consider in exercising its discretion to quash service or dismiss the complaint include a plaintiff's *pro se* status, his good faith attempt to effect service, and good cause for affording an additional opportunity to serve. *See Monroe v. Texas Util. Co.*, No. 3:01-CV-1012-D, 2002 WL 413866, at *2-3 (N.D. Tex. Mar. 11, 2002). The Fifth Circuit has explained that *pro se* litigants are afforded some leniency in perfecting service but that "when the failure of effective service may be ascribed to the plaintiff's 'dilatoriness or fault' or 'inaction,' the case may be properly dismissed." *Holly v. Metro. Transit*

*Auth.*, 213 F. App'x 343, 344-45 (5th Cir. 2007) (quoting *Rochon v. Dawson*, 828 F.2d 1107, 1109–10 (5th Cir. 1987)).

This suit was initially filed on November 14, 2016, in state district court, where Plaintiff was provided with multiple extensions to serve Defendants. (doc. 6 at 6-9, 25, 48, 61, 80, 90, 113, 128.) Plaintiff only served Mike, however, who subsequently removed this suit to federal court on May 8, 2017. (doc. 1.)  Nearly one year ago, this Court notified Plaintiff that if he did not file a valid return of service or otherwise show that Lindy or BTS "were properly served within 90 days after the filing of the notice of removal, this action may be dismissed as to those two defendants," and in response, Plaintiff filed the insufficient certificates of service as to Lindy and BTS on June 13, 2017. (docs. 14, 22, 23.) When challenged by Lindy that service was improper, Plaintiff wholly failed to file any responsive pleading to the allegations, even after being given an opportunity to respond. (*See* doc. 33.) The record, moreover, fails to show that Plaintiff is able or even willing to serve Lindy in a sufficient and proper manner. Plaintiff, accordingly, should not be granted another opportunity or extension to properly serve Lindy. *See Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 645-46 (5th Cir. 1994) (holding district court has broad discretion to dismiss an action for ineffective service of process and that trial court did not abuse discretion in denying plaintiff's third motion to extend the time within which to accomplish service on a nonresident defendant); *Flores v. Koster*, No. 3:11-CV-0726-M-BH, 2013 WL 4874115, at *3 (N.D. Tex. June 28, 2013) (dismissing suit under Rule 12(b)(5) for insufficient service because "[p]laintiffs did not respond to the present motion, and they have not attempted to demonstrate good cause for their failure to effect proper service on [d]efendant"); *see also Gilliam v. Kiere*, No. 3:96-CV-0813-G, 1997 WL 279768, at *4 (N.D. Tex. May 16, 1997) (dismissing suit without prejudice under Rule 12(b)(5) because the plaintiff "has not shown such good cause [for an additional opportunity to serve], or

even attempted to do so").[5]

## IV. RECOMMENDATION

Lindy's motion to dismiss for improper service should be **GRANTED**, and all claims against Lindy should be **DISMISSED without prejudice**. Her alternative motion to dismiss or transfer for improper venue should be **DENIED as MOOT**.

**SO RECOMMENDED** on this 13th day of April, 2018.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[5] Since the motion to dismiss for improper service should be granted, it is unnecessary to reach Lindy's alternative motion to dismiss or transfer for improper venue, and it should be denied as moot.

9